ORAL ARGUMENT NOT YET SCHEDULED

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| CALUMET MONTANA REFINING, LLC, | ) ) ) | Case No. 25-633 |
| *Petitioner*, | ) ) ) | |
| v. | ) ) ) | |
| UNITED STATES ENVIRONMENTAL PROTECTION AGENCY | ) ) ) ) | |
| *Respondent*. | ) ) ) | |

**UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE**

Respondent U.S. Environmental Protection Agency ("EPA") respectfully moves the Court to hold this matter in abeyance to allow new Agency leadership to review the underlying action.

Petitioner Calumet Montana Refining, LLC authorized undersigned counsel to represent that "Petitioner does not oppose the requested abeyance, so long as this Court grants the unopposed motion for a stay of the RFS compliance obligation pending judicial review. By granting that unopposed motion expeditiously, this Court can mitigate the ongoing irreparable harm to Petitioner."

1. Petitioner seeks review of an EPA action issued on January 2, 2025, entitled "Denial of Request for Extension of Small Refinery Temporary Exemption

1

Under the Renewable Fuel Standard Program for Calumet Montana Refining, LLC's Great Falls, Montana Refinery" (the "Petition Denial").

2. On February 3, 2025, Petitioner moved to stay pending judicial review its compliance obligations under the Petition Denial. ECF No. 6 (under seal). EPA did not oppose the relief requested in that motion, ECF No. 9, and Petitioner did not file a reply. The certified index of the administrative record is currently due on March 10, 2025. *See* Fed. R. App. P. 17(a). Petitioner's opening merits brief is then currently due on April 21, 2025, ECF No. 3.

3. As the Court is aware, a new administration took office on January 20, 2025. EPA needs time to brief new administration officials about this case and the underlying Petition Denial, to allow them to decide what action, if any, is necessary.

4. To undertake that review in an orderly and deliberate fashion, EPA requests that the court abate proceedings in this matter, with status reports due every 90 days.

5. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) (recognizing that a "court may, with propriety, find it is efficient for its own docket and the fairest course for

2

the parties to enter a stay of an action before it, pending resolution of [administrative] proceedings which bear upon the case); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

6. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Organized Vill. of Kake v. U.S. Dep't of Agric.*, 795 F.3d 956, 968 (9th Cir. 2015) (explaining that "[e]lections have policy consequences" and an agency is "entitled" to weigh concerns differently after a change in presidential administrations, "even on precisely the same administrative record").

7. Courts routinely grant stays or abeyance in circumstances like those presented here where a new administration seeks to review prior actions. *See, e.g.*, Order, (Doc. Nos. 12101852, 11997944), *Rural Coalition v. EPA*, No. 20-73220 (9th Cir. May 4, 2021) (abating challenge to EPA action following change in administration); Order, (Doc. Nos. 12064946, 12062199), *Alaska Community Action on Toxics v. EPA*, No. 21-70168 (9th Cir. Apr. 6, 2021) (abating challenge to EPA rule under TSCA following change in administration); Order (Doc. Nos.

3

10428699, 10423672), *Dalton Trucking Inc. v. EPA*, No. 13-74019 (9th Cir. May 10, 2017) (following change in administration, granting opposed motion to postpone oral argument in challenge to EPA rule).

8. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take further action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Anchor Line Ltd. v. Fed. Maritime Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary"); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 386–87 (D.C. Cir. 2012) (finding proposed rule that would eliminate disputed issue rendered pending case prudentially unripe).

9. No party would be prejudiced by the requested abeyance. Petitioner does not oppose the requested relief provided that the Court enter the requested stay—relief EPA has not opposed.

10. For these reasons, the Court should place this matter in abeyance, with status reports due every 90 days.

Respectfully submitted,

LISA LYNNE RUSSELL
  *Deputy Assistant Attorney General*

*s/ Jeffrey Hughes*
JEFFREY HUGHES
United States Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
(202) 305-4598
jeffrey.hughes@usdoj.gov

February 27, 2025

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 814 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: February 27, 2025

                                                */s/ Jeffrey Hughes*
                                                JEFFREY HUGHES

## CERTIFICATE OF SERVICE

I hereby certify that, on February 27, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the Court's CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                */s/ Jeffrey Hughes*
                                                JEFFREY HUGHES