# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

CALUMET MONTANA REFINING, LLC,

            Petitioner,

    v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,

            Respondent.

No. 25-633

## UNOPPOSED MOTION TO EXPEDITE RULING ON UNOPPOSED MOTION FOR STAY PENDING JUDICIAL REVIEW

Petitioner Calumet Montana Refining, LLC ("Calumet") previously filed in this Court a motion seeking a stay of its obligation to comply with the Renewable Fuel Standard ("RFS") for the 2023 compliance year—with the compliance deadline soon approaching. Doc. 6. The government has notified this Court that it <u>does not oppose</u> that stay motion. Doc. 9. Calumet faces ongoing, severe irreparable harm every day without a stay. The D.C. Circuit has previously granted very similar stay relief to Calumet in prior years. And another federal court of appeals has recently granted a very similar stay motion filed by another small refinery within the Calumet corporate family. Calumet therefore respectfully requests that this Court expedite its consideration of the urgent, unopposed stay

1

motion and grant that motion. The government does not oppose this motion for expedited treatment.

## BACKGROUND

This case involves a petition for review brought by Calumet challenging an EPA administrative action issued on January 2, 2025 that denied Calumet's petition for a hardship exemption from the RFS for the 2023 compliance year. Shortly after filing the petition for review, Calumet on February 3, 2025 filed in this Court an urgent motion for a stay of its 2023 RFS compliance obligation pending judicial review. Doc. 6. Calumet's motion asked the Court to grant the stay as soon as possible, because the compliance deadline is fast approaching and Calumet faces ongoing irreparable harm without a stay. Calumet's motion also explained that the D.C. Circuit has previously granted very similar stay relief to Calumet in prior years.* EPA responded to that motion on February 13, informing this Court that it does not oppose the stay that Calumet seeks. Doc. 9. This Court has not yet ruled on that unopposed motion. But Calumet needs relief urgently from this Court because it faces severe irreparable harm every day, as described in Calumet's motion.

On February 27, EPA moved to hold this case in abeyance so that it can brief the new administration on the matter. Doc. 12. Thus, at

---

* Calumet previously sought and obtained stays from the D.C. Circuit because this Court found (on EPA's motion) that the D.C. Circuit was the proper venue for reviewing those agency decisions. This time, all parties agree that this Court is the proper venue. Doc. 6, at 3 n.1.

present, both Calumet's stay motion and EPA's abeyance motion remain pending. Through conversations with EPA counsel, Calumet's counsel understands that both parties agree that the government's requested abeyance is not meant to forestall this Court granting the stay that Calumet had previously requested by motion. In other words, all parties are in agreement about their mutual requests of the Court in this case: the Court should *first* grant the stay requested by Calumet, and thereafter the case can go into abeyance so that EPA can brief the new administration on appropriate next steps. EPA's abeyance motion included Calumet's position: "Petitioner does not oppose the requested abeyance, so long as this Court grants the unopposed motion for a stay of the RFS compliance obligation pending judicial review. By granting that unopposed motion expeditiously, this Court can mitigate the ongoing irreparable harm to Petitioner." Doc. 12, at 1.

## ARGUMENT

Calumet respectfully asks this Court to expedite its ruling on Calumet's unopposed, urgent stay motion. EPA does not oppose the stay, nor does it oppose this Court expediting the ruling on that motion.

Calumet needs an expedited ruling because it faces severe and ongoing irreparable harm every day that goes by without a stay. As detailed in Calumet's sealed declaration, Doc. 6, the 2023 compliance deadline is fast approaching, which would trigger disastrous and irretrievable harms to Calumet. In the meantime, Calumet is suffering

extremely burdensome financial harm. Without a stay, Calumet has no choice but to spend significant, unrecoverable resources on contingency planning. And the uncertainty about whether a stay will be entered is having a material adverse impact on the operation of Calumet's business. An expeditious ruling from this Court on the unopposed stay motion will lift that uncertainty in the short term, mitigate Calumet's ongoing irreparable harm, and prevent Calumet from continuing to incur the expenses associated with preparing for the possibility of not receiving a stay.

As described in the stay motion, the D.C. Circuit has previously granted similar stays of Calumet's RFS obligation for prior years. Doc. 6, stay motion at 2–3. Moreover, the Fifth Circuit just recently granted an unopposed motion to stay Calumet's sister refinery's 2023 RFS compliance obligation in *Calumet Shreveport Refining, LLC* v. *EPA*, No. 25-60042, Doc. 24 (Feb. 13, 2025). The arguments presented to that court in the granted *Calumet Shreveport* stay motion are very similar to Calumet's arguments here. And the government's non-opposition is identical. Calumet therefore respectfully requests that this Court grant its stay motion—and do so as soon as possible to prevent further irreparable harm.

## CONCLUSION

This Court should expedite its consideration of Calumet's stay motion, and should grant as soon as possible an urgent stay of Calumet's 2023 RFS compliance obligation pending resolution of this case.

Dated:  March 4, 2025

Respectfully submitted,

*s/ Michael R. Huston*

Alexandra Magill Bromer
Perkins Coie LLP
700 Thirteenth Street, N.W.,
Suite 800
Washington, D.C.  20005-3960
Telephone:  202.654.6297
Facsimile:  202.654.6211
ABromer@perkinscoie.com

Michael R. Huston
Karl J. Worsham
Jordan M. Buckwald
PERKINS COIE LLP
2525 East Camelback Road,
Suite 500
Phoenix, AZ  85016
Telephone:  602.351.8000
Facsimile:  602.648.7000
MHuston@perkinscoie.com
KWorsham@perkinscoie.com
JBuckwald@perkinscoie.com

Attorneys for Calumet Montana
Refining, LLC

## CERTIFICATE OF COMPLIANCE

This document complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 841 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word (the same program used for the word count).

Dated: March 4, 2025

> *s/ Michael R. Huston*
> Michael R. Huston
> PERKINS COIE LLP

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the CM/ECF system.


Dated:  March 4, 2025

*s/ Michael R. Huston*
Michael R. Huston
PERKINS COIE LLP
